UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RASMUSSEN INSTRUMENTS, LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DEPUY SYNTHES PRODUCTS, INC., DEPUY SYNTHES SALES, INC., AND MEDICAL DEVICE BUSINESS SERVICES, INC.,<br>　　　　　　Defendants. | C.A. No. 1:20-CV-11807- TSH<br><br>**JURY TRIAL DEMANDED** |

**JOINT [PROPOSED] VOIR DIRE**

　　　　Plaintiff Rasmussen Instruments, LLC ("Rasmussen") and Defendants DePuy Synthes Products, Inc., DePuy Synthes Sales, Inc., and Medical Device Business Services, Inc. (collectively, "DePuy") propose the following voir dire. Rasmussen and DePuy provide the following information that the Court may find helpful in ascertaining information that may impact any member of the venire's ability to be a fair and partial juror.

**Summary of the Case:**

　　　　This is a patent infringement case. A patent is a legal document issued by the United States Patent Office that gives the holder of the patent the right, for a period of years, to exclude others from practicing the invention described in the patent. There are two patents asserted in this case: U.S. Patent No. 9,492,180 and U.S. Patent No. 10,517,583. Patents are often referred to by the last three digits of the patent number, so you will hear the parties refer to them by their shorthand as the '180 patent and the '583 patent. The technology at issue is related to instruments for use during total knee replacement surgery, which is also commonly referred to as total knee

arthroplasty, or TKA. The Plaintiff in this case, Rasmussen Instruments, LLC ("Rasmussen"), is a company founded by the inventor of the patents, Dr. Gary Lynn Rasmussen. The Defendants in this case are DePuy Synthes Products, Inc., DePuy Synthes Sales, Inc., and Medical Device Business Services, Inc. (collectively "DePuy"). Rasmussen alleges that two of DePuy's instruments, the Balanced Sizer and the Balancing Blocks, infringe certain claims of the '180 and '583 patents, that Rasmussen is entitled to damages for the infringement, and that DePuy's infringement is willful. DePuy contends that Rasmussen is not entitled to damages because the patents are invalid and DePuy's instruments do not infringe them.

Rasmussen and DePuy have identified the following lists that are relevant to voir dire: the parties (List 1); the law firms (List 2); the attorneys (List 3); and the potential witnesses (List 4). These lists are provided below.

Rasmussen and DePuy respectfully request that the Court, in addition to its standard voir dire practice, ask the following questions of the venire in order to establish challenges for cause:

1. Do you, any family member, or anyone else close to you have education, special training, or work experience in the legal field?

2. Do you, any family member, or anyone else close to you have education, special training, or work experience in product development?

3. Do you have any experience with the development or manufacture of surgical instruments?

4. Do you have any experience with the development or manufacture of surgical implants, such as implants to replace knee joints?

5. The following is a list of attorneys and law firms involved in this litigation. [Read Lists 2 and 3]. Are you related to, or personally acquainted with, any of those attorneys, or have

2

you ever been represented by, or been adverse to any party represented by, any of those attorneys or other members of the listed law firms?

6. The following is a list of individuals who might appear as witnesses in this case. [Read List 4]. Are you related to, or personally acquainted with, any of those individuals?

7. Do any of you know each other or anyone present in the courtroom?

8. Do you have any personal knowledge of this case or have you read about it, heard it discussed, or have an opinion about it?

9. Have you ever worked for a company that had patented products or processes?

10. Have you ever been involved in the development of a new product or process?

11. Do you have any opinions about patents, their impact on consumers or the patent process in general?

12. Have you or a member of your immediate family ever had any dealings with the United States Patent and Trademark Office?

13. Do you have strong views about litigation or the legal system in general that would make it difficult for you to be a fair and impartial juror in this case?

14. Do you have any strong opinions about a patent granting exclusive rights to the owner of the patent?

15. Do you have any particularly positive or negative feelings about individuals who file lawsuits to enforce their patents when they believe a company is infringing them?

16. Would any of you favor Rasmussen over DePuy, solely because DePuy is a large company while Rasmussen is a small company solely owned by the named inventor of the patents at issue in this case?

17. Would any of you favor DePuy over Rasmussen, solely because DePuy is a large company while Rasmussen is a small company?

18. Does anyone have any strong positive or negative opinions about large corporations?

19. Does anyone have any strong opinions about the amount of money that juries award in lawsuits?

20. Do any of you hold stock or have a financial interest in DePuy or its parent company, Johnson & Johnson?

21. Are any of you currently working for DePuy or its parent company, Johnson & Johnson?

22. Have any of you or a close family member ever worked for DePuy or its parent company, Johnson & Johnson?

23. Have you or anyone close to you ever had knee replacement surgery?

24. Have any of you or a close family member been a patient of Dr. Gary Lynn Rasmussen of Salt Lake City, Utah?

25. Based on what I have told you so far, have you made any conclusions about who you think should win this lawsuit?

26. Do you know of any other matter which you believe should be called to the court's attention as having some bearing upon your qualifications or ability to sit as a juror, or which you think may prevent you from rendering a fair and impartial verdict based solely upon the evidence and my instructions as to the law?

## **LIST 1 – PARTIES**

- Rasmussen Instruments, LLC
- DePuy Synthes Products, Inc.
- DePuy Synthes Sales, Inc.
- Medical Device Business Services, Inc.
- Johnson & Johnson

## **LIST 2 – LAW FIRMS**

- Fish & Richardson, PC
- Jones, Waldo, Holbrook & McDonough, PC
- Jones Day
- Morrison & Foerster

## **LIST 3 – LAWYERS**

- Kurt Glitzenstein
- Jason Zucchi
- Joy Backer Kete
- Elizabeth Ranks
- Jacob Pecht
- Meaghan Luster
- Chris Hadley
- Christopher Morrison
- Calvin Griffith
- Patrick Norton
- Tracy Stitt
- Thomas Koglman

5

- Marlee Hartenstein
- Collin Kurtenbach
- Hannah Mehrle

### **LIST 4 – POTENTIAL WITNESSES**

- Dr. Gary Lynn Rasmussen – Salt Lake City, Utah
- Dr. Thomas DeBerardino – San Antonio, Texas
- Dr. Eli Kamara – New York City, New York
- Dr. Bruce Isaacson – Calabasas, California
- Dr. Jonathan Putnam – Salem, Massachusetts
- Michael Rock – Leeds, England, United Kingdom
- Sam Arkle – Leeds, England, United Kingdom
- Timothy Czartoski – Fort Wayne, Indiana
- Jon Edwards – Palm Beach Gardens, Florida
- Manish Gupta – West Chester, Pennsylvania
- Mark Heldreth – Warsaw, Indiana
- Erin McKibbin – Warsaw, Indiana
- Michael Reeve – Leeds, England, United Kingdom
- Sarah Shupe – Winona Lake, Indiana
- Matthew Wallace – Palm Beach Gardens, Florida
- Richardson Ellingson – Draper, Utah
- Christopher Brian McDaniel – Arlington, Tennessee
- Wright Medical – Memphis, Tennessee
- Carla Mulhern – Washington, D.C.
- Dr. Jorge Ochoa – Austin, Texas

- Shankar (Sean) Iyer – Washington, D.C.
- Dr. John Siliski – Boston, MA

Dated:  February 11, 2022                                   Respectfully submitted,

| JONES DAY | FISH & RICHARDSON P.C. |
|---|---|
| */s/ Christopher M. Morrison* | */s/ Kurt L. Glitzenstein* |
| Christopher M. Morrison (BBO #651335) | Kurt L. Glitzenstein (BBO #565312) |
| 100 High Street | Joy Backer Kete (BBO #694323) |
| Boston, MA 02110 | Elizabeth G.H. Ranks (BBO #693679) |
| cmorrison@jonesday.com | Jacob B. Pecht (BBO # 699508) |
| Telephone: 617-449-6895 | One Marina Park Drive |
| Facsimile: 617-449-6999 | Boston, MA 02210 |
|  | (617) 521-7042 |
| Calvin P. Griffith (admitted *pro hac vice*) | glitzenstein@fr.com |
| cpgriffith@jonesday.com | kete@fr.com |
| Patrick J. Norton (admitted *pro hac vice*) | liz.ranks@fr.com |
| pjnorton@jonesday.com | pecht@fr.com |
| Thomas S. Koglman (admitted *pro hac vice*) |  |
| tkoglman@jonesday.com | Jason M. Zucchi (*pro hac vice*) |
| North Point | 3200 RBC Plaza |
| 901 Lakeside Avenue | 60 South Sixth Street |
| Cleveland, Ohio  44114-1190 | Minneapolis, MN 55402 |
| Telephone: 216-586-3939 | (612) 335-5070 |
| Facsimile: 216-579-0212 | zucchi@fr.com |
|  |  |
| Marlee R. Hartenstein (admitted *pro hac vice*) | Attorneys for Plaintiff |
| mhartenstein@jonesday.com | *Rasmussen Instruments LLC* |
| 500 Grant Street, Suite 4500 |  |
| Pittsburgh, PA  15219 |  |
| Telephone:  412-391-3939 |  |
| Facsimile:  412-394-7959 |  |
|  |  |
| Attorneys for Defendants |  |
| *DePuy Synthes Products, Inc.,* |  |
| *DePuy Synthes Sales, Inc., and* |  |
| *Medical Device Business Services, Inc.* |  |

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 11th day of February, 2022.

/s/ Kurt L. Glitzenstein