# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RASMUSSEN INSTRUMENTS, LLC,** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION** |
| ) | **NO. 20-11807-TSH** |
| **DEPUY SYNTHES PRODUCTS, INC.,** ) | |
| **DEPUY SYNTHES SALES, INC., AND** ) | |
| **MEDICAL DEVICE BUSINESS** ) | |
| **SERVICES, INC.,** ) | |
| **Defendants.** ) | |
| ) | |

## ORDER ON POST-TRIAL MOTIONS
### March 30, 2023

**HILLMAN, S.D.J.**

Rasmussen has moved post-trial for an award of enhanced damages, attorneys' fees and

costs, and for a permanent injunction. The jury in this case returned a verdict for Rasmussen

finding that the Balanced Sizer willfully infringes the '180 patent, and that neither the Balanced

Sizer nor the Balancing Blocks infringe the '583 patent. The jury awarded Rasmussen $20

million in damages.

Rasmussen now requests that the Court (1) treble the jury's damages award of $20

million to $60 million, pursuant to 35 U.S.C. §284, (2) award Rasmussen its reasonable

attorneys' fees in the amount of $8,026,998, (3) award prejudgment interest in the amount of

$392,959, and (4) grant a permanent injunction with respect to the Balanced Sizer. DePuy

counters that enhanced damages and attorney's fees are not appropriate here but reserved for

atypical patent infringement cases and are meant to punish egregious infringement behavior.

Enhanced Damages

Under 35 U.S.C. § 284, a district court may enhance damages for patent infringement up to three times the amount found or assessed. Section 284 provides as follows:

> Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court.  When the damages are not found by a jury, the court shall assess them.  In either event the court may increase the damages up to three times the amount found or assessed.

35 U.S.C. § 284.

The Supreme Court has cautioned that "[a]wards of enhanced damages under the Patent Act over the past 180 years establish that they are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103, 136 S.Ct.1923 (2016). In considering enhanced patent damages, "[a]s with any exercise of discretion, courts should continue to take into account the particular circumstances of each case in deciding whether to award damages, and in what amount." *Id*. at 106. But "through nearly two centuries of discretionary awards and review by appellate tribunals, the channel of discretion ha[s] narrowed, ... so that such damages are generally reserved for egregious cases of culpable behavior." *Id*. at 104. A jury's finding of willful infringement is a prerequisite to the enhancement of damages but is not by itself sufficient. *Presidio Components, Inc. v. Am. Tech. Ceramics Corp*., 875 F.3d 1369, 1382 (Fed. Cir. 2017).

Courts consider the totality of the circumstances when determining whether to award punitive damages or attorneys' fees, including a non-exhaustive list of factors that serve as guideposts. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554, 134 S.Ct.

1749, 1758 (*2014*). Although not required, the court may consider the non-exclusive *Read* factors as part of its analysis. See *Presidio Component 875 F.3d* at 1382–83, *citing Read Corp. v. Portec, Inc*., 970 F.2d 816 (Fed Cir. 1992). The *Read* factors include: (1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when he knew of the other's patent, investigated the patent and formed a good faith belief that it was invalid or that it was not infringed; (3) the infringer's behavior in the litigation; (4) the infringer's size and financial condition; (5) the closeness of the case; (6) the duration of the misconduct; (7) the remedial action by the infringer; (8) the infringer's motivation for harm; and (9) whether the infringer attempted to conceal its misconduct. *Read*, 970 F.2d at 827. "In determining whether enhanced damages are appropriate, courts should consider the overall circumstances of the case." *Presidio Components,* 875 F.3d at 1382, *citing Halo*, 579 U.S. at 105.

Rasmussen argues that DePuy copied Rasmussen's ideas (*Read* factor 1), DePuy denies pretrial knowledge of the '180 patent (*Read* factor 9), DePuy's lack of any demonstration of pre-suit good faith belief of non-infringement (*Read* factor 2), and DePuy's withdrawal of the Balance Sizer on the eve of trial (*Read* factor 7)[1] all warrant enhanced damages. DePuy denies that it copied and argues that the evidence showed that they developed the Balanced Sizer independently and that the feature that they claim that DePuy copied was already in all of DePuy's other products. DePuy also counters that it showed its Balanced Sizer to Dr. Rasmussen in 2013, that the jury's split verdict confirms the closeness of the case (*Read* factor 5), and that DePuy had a good faith belief in non-infringement and invalidity. Further, DePuy contends that

---

[1] Rasmussen addressed all of the *Read* factors in its Motion and Memorandum (Docket No. 305) but focused on the above mentioned four at the motion hearing. (Docket No. 328). The Court considered many of the *Read* factors and all of the parties' arguments in consideration of its decision.

3

its removal of the Balanced Sizer from the market just prior to trial is neutral at best (*Read* factor 9) as it was part of the "remedial action" it took in preparation of trial.

Considering the totality of circumstances, an enhanced damages award is not warranted in this action. Rasmussen has not demonstrated egregious infringement behavior on the part of DePuy warranting a punitive or vindictive sanction. Each party obtained rulings in its favor throughout the course of the litigation, up through and including pretrial rulings and during the course of the trial. Additionally, the jury's split verdict supports a finding of no egregious infringement conduct. Moreover, throughout this litigation, the parties were advised at hearings and in written orders that their cooperation and efforts to work together were apparent and appreciated, suggesting no improper litigation conduct.

Similarly, the Court will also decline to treble the award of patent damages to reflect DePuy's willful conduct. Section 284 provides that, upon a finding of willfulness, the court "*may* increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284 (emphasis added). "An award of enhanced damages," however, "does not necessarily flow from a willfulness finding." *Presidio Components,* 875 F.3d at 1382. Accordingly, and for the foregoing reasons, Rasmussen's motion for enhanced damages pursuant to 35 U.S.C. § 284 is **denied**.

<u>Attorney's Fees and Costs</u>

Rasmussen seeks $8,026,998 in attorney's fees because it argues that DePuy's infringement of the '180 patent was willful, its defenses were "exceptionally weak," and its litigation tactics were unreasonable. A "court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "[A]n exceptional case is simply one that stands out from others with respect to the substantive strength of a party's litigating position

4

(considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 572 U.S. at 554; *Scholz v. Goudreau*, 901 F.3d 37, 49 (1st Cir. 2018). The court can also consider factors such as frivolousness, motivation, objective unreasonableness, and the need to advance considerations of compensation and deterrence. *Octane Fitness* at 554 n.6. After considering the totality of the circumstances, courts should exercise "equitable discretion" in deciding whether to award attorney's fees. *Id*. at 554.

Here, under the totality of the circumstances, the Court finds that this is not an exceptional case. Rasmussen did not prevail on all of its claims, as the jury found that neither the Balanced Sizer or the Balancing Blocks infringes the '583 patent which would suggest its defense of the suit was neither frivolous nor vexatious . To Rasmussen's argument that DePuy's behavior at trial warrants an award of attorney's fee, the Court finds that while both parties vigorously litigated their respective positions, DePuy's behavior did not rise to the level of litigation misconduct. Accordingly, and for the foregoing reasons, Rasmussen's motion for sanctions pursuant to 35 U.S.C. § 285 is **denied**.

Prejudgment Interest

Rasmussen asks that the Court award it award prejudgment interest in the amount of $392,959. Rasmussen's damages expert arrived at that figure assuming the award was a running royalty and using the prime rate as the applicable interest rate. By calculating prejudgment interest compounded quarterly from October 2, 2020 (the date of the Complaint) through December 31, 2021, the last date for which evidence of sales was presented to the jury, the Rasmussen's expert arrived at a total prejudgment interest of $392,959.

While DePuy agrees that prejudgment interest is "generally appropriate," it contends that such a determination should not be determined until all post-trial motions are resolved. DePuy also

disagrees on the rate requested by Rasmussen in its motion, arguing that the Treasury Bill rate, not the prime rate, should be used when calculating the payment.

!       The Court agrees with Rasmussen that the prime rate is appropriate. The Court, in accord with other sessions of this court, that the prime rate most accurately reflects the interest rate that a patentee would have charged an infringer for a loan, subject to quarterly compounding and adjustment (reflecting the typically quarterly nature of royalty payments). See *Banhazl v. American Ceramic Society*, 16-cv-10791-ADB, 2023 WL 159842, at *2 (D.Mass. January 11, 2023), *citing WBIP, LLC v. Kohler Co*., 11-cv-10374-NMG, 2014 WL 585854, at *4 (D.Mass. Feb. 12, 2014) (*citing Uniroyal, Inc. v. Rudkin-Wiley Corp*., 939 F.2d 1540, 1545 (Fed. Cir. 1991) and *NTP, Inc. v. Rsch. in Motion, Ltd.*, 270 F. Supp. 2d 751, 763 (E.D. Va. 2003).

<u>Permanent Injunction</u>

Rasmussen also seeks the Court to permanently enjoin DePuy from making, using, offering to sell, or selling the infringing Attune Balanced Sizer pursuant to 35 U.S.C. §§ 154(a)(1), 283. A permanent injunction is warranted if the patent owner demonstrates: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *SiOnyx LLC v. Hamamatsu Photonics KK*, 981 F.3d 1339, 1348 (1ˢᵗ Cir. 2020), *quoting eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 390–91, 126 S.Ct. 1837 (2006).

The jury specifically concluded that DePuy willfully infringed the '180 patent. As to ongoing irreparable harm arising from DePuy's infringement, although DePuy announced on the eve of trial that it removed the Balanced Sizer from the market, DePuy continues to feature

the Balanced Sizer in its surgical technique guide. *See* <u>Rasmussen Motion</u>, Docket No. 305, p. 12, n.2. Further, Rasmussen has suffered irreparable harm from DePuy's infringement in the form of lost business opportunity and damaged reputation. *See Crane Security Technologies, Inc. v. Rolling Optics AB*, 337 F.Supp.3d 48, 61 (D.Mass. 2018), *citing Douglas Dynamics, LLC v. Buyers Products Co*., 717 F.3d 1336, 1345 (Fed. Cir. 2013) ("Exclusivity is closely related to the fundamental nature of patents as property rights. It is an intangible asset that is part of a company's reputation, and here, [patent holder's] exclusive right to make, use, and sell the patented inventions is under attack by [the] infringement."). The balance of hardship weighs in favor of an injunction, as Rasmussen is a one-person company, whereas DePuy is a large international company with a broad and diversified range of products. Finally, the public interest would not be disserved by the issuance of an injunction. Accordingly, Rasmussen has satisfied the *eBay* factors required to obtain a permanent injunction as to infringement of the '180 patent.

**<u>Conclusion</u>**

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees, Enhanced Damages, Prejudgment Interest and Permanent Injunction (Docket No. 305) is **<u>granted</u>** in part and **<u>denied</u>** in part: the motion is **<u>denied</u>** as to enhanced damages and attorney's fees and **<u>granted</u>** as to prejudgment interest and a permanent injunction.

The Parties' remaining motions are resolved as follows:

1. Defendants' Motion for Judgment as a Matter of Law (Docket No. 287) is **<u>denied</u>**;

2. Plaintiff's Motion for Judgment as a Matter of Law and Motion for a New Trial (Docket No. 304) is **<u>denied</u>**;

3. Defendants' Motion for Judgment as a Matter of Law Pursuant to Rule 50(b) (Docket No. 308) is **<u>granted only as to the dismissal of defendant Medical Device Business Service</u>**; and **<u>denied</u>** as to all other claims.

4. Defendants' Motion for a New Trial Pursuant to Rule 59[Corrected] (Docket No. 311) is **<u>denied</u>**.

**SO ORDERED.**

**<u>/s/ *Timothy S. Hillman*</u>**
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**